Roland A. JONES, Plaintiff-Appellant,

v.

The STATE OF GEORGIA, et al.,
Defendants-Appellees.

No. 83–8370
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1984.

Rehearing and Rehearing En Banc Denied
March 23, 1984.

Susan L. Rutherford and Wayne P. Yancey, Asst. Attys. Gen., Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

GODBOLD, Chief Judge:

Jones, a state employee, brought this action against the Department of Human Resources (DHR) and his supervisors at the department, claiming that his termination violated the First, Fifth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 (1976 & Supp. V 1981). The district court concluded that Jones had no property or liberty interest infringed by his termination and dismissed for lack of jurisdiction. We affirm.

DHR hired Jones as a "working test" employee, meaning that he was a probationary employee for his first six months. State Personnel Board Rules and Regulations 12.301.1 provided that

[a]n employee serving a working test period ... may be separated from his position by the appointing authority or his designee at any time during the working test period. The employee shall be notified in writing in advance of the separation but the separation cannot be appealed except as otherwise provided in these rules.[1]

Jones reported for work May 18, 1981, but was not credited with starting until June 1, 1981. When he informed his supervisors that this treatment violated the department's regulations, he received no relief. He continued to press this claim as well as other objections to his working conditions, and was fired in October 1981. His supervisors, rather than citing to 12.301.1, cited to another regulation, 11.202A, which arguably only applied to employees who have completed their working test period.

Jones sued the department and his supervisors. The defendants moved to dismiss

under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and under Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court viewed the complaint as raising only due process and Sec. 1983 claims. The court found the department's action infringed no liberty or property interest and dismissed for lack of jurisdiction.

When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Exceptions to this rule exist, however, when "the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'" *Id.* at 416.

Jones had no property interest in continued employment under Reg. 12.301.1. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). While Jones's supervisors apparently referred to the wrong regulation, such a mistake does not create a federal interest where none existed before. *Cf. Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976) (mistakes on personnel decisions not implicating federal constitutional rights do not in and of themselves raise a federal claim). *Roth* clearly precluded Jones's claim of deprivation of a property interest.

Jones also was deprived of no liberty interest. No impairment of a liberty interest occurs "when there is no public disclosure of the reasons for the discharge." *Bishop,* 426 U.S. at 348, 96 S.Ct. at 2079. Supreme Court precedent foreclosed this claim of Jones.

Jones stated in his complaint that the dismissal violated his First Amendment

---

**1.** I Record at 132.

rights. However, in his prayer for relief, he refers to the "substantive and procedural 'fair play' and due process . . . assured by the First, Fifth, and Fourteenth Amendments."[2] The district court did not consider Jones's First Amendment claim when it dismissed for lack of jurisdiction. However, prior Supreme Court cases effectively dispose of this argument. *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), established that the First Amendment protects a public employee's statements on issues of "legitimate public concern." Whatever the scope of "legitimate public concern," *see Connick v. Myers,* —— U.S. ——, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the phrase does not encompass Jones's complaints about his own situation.

Because Jones suffered no impairment of his First Amendment rights or of a property or liberty interest, he has stated no claim under Sec. 1983, which requires deprivation of a "right . . . secured by the Constitution and laws."

AFFIRMED.