[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13316
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00686-CV-1-KD-C

RONALD O. MCCANTS,

Plaintiff-Appellant,

versus

ALABAMA-WEST FLORIDA CONFERENCE OF
THE UNITED METHODIST CHURCH, INC.,
REV. BILL ELWELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 5, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ronald O. McCants, an African-American former pastor of the United

Methodist Church ("UMC"), appeals the district court's order dismissing, pursuant

to Federal Rules of Civil Procedure 12(b)(6), McCants's civil rights suit under 42

U.S.C. § 1981 against his former church employer, the Alabama-West Florida Conference of the UMC, Inc. ("Conference"), and the Reverend Bill Elwell, District Superintendent, on the basis of race discrimination and retaliation. McCants alleged that the Conference denied him the opportunity to be re-appointed as pastor of two congregations, solely on the basis of his race, and that, after he complained of Elwell's discriminatory actions to the Conference, Elwell and others retaliated against him. The district court relied on the ministerial exception, which precludes claims based on an employment relationship between a church and its ministers, to dismiss McCants's suit. On appeal, McCants acknowledges that the ministerial exception applies to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), but argues that we should not extend the exception to claims arising under § 1981. After thorough review, we affirm.

We review a ruling on a Rule 12(b)(6) motion de novo. D.P. ex. rel. E.P. v. Sch. Bd. of Broward County, 483 F.3d 725, 728 (11th Cir. 2007). Where applicable, we review a ruling on a Rule 12(b)(1) motion de novo. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250 (11th Cir. 2007). "Subject matter jurisdiction is appropriately dealt with by means of a . . . Rule 12(b)(1) motion to dismiss." United States v. Blue Cross & Blue Shield of

Ala., Inc., 156 F.3d 1098, 1101 n.7 (11th Cir. 1998). We "must inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion." Jones v. State of Ga., 725 F.2d 622, 623 (11th Cir. 1984).

We "may affirm the District Court on any basis supported by the record." Miller v. Harget, 458 F.3d 1251, 1256 (11th Cir. 2006). "A prior panel decision of this Court is binding on subsequent panels and can be overturned only by the Court sitting en banc." Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003).

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Discrimination claims brought under § 1981 "have the same requirements of proof and present the same analytical framework" as those brought under Title VII. Springer v. Convergys Customer Mgmt. Group, Inc., 509 F.3d 1344, 1347 n.1 (11th Cir. 2007). Under Title VII, it is unlawful for an employer to discharge any individual because of that

3

individual's race or color, or to retaliate against an individual for engaging in protected conduct. 42 U.S.C. § 2000e-2(a)(1), 3(a).

Title VII expressly provides, however, that its anti-discrimination provisions do not apply "to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities." 42 U.S.C. § 2000e-1. While no such similar exemption is found in § 1981, the Establishment and Free Exercise Clauses of the First Amendment state that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I.

Indeed, the Supreme Court has held that "[l]egislation that regulates church administration, the operation of the churches, the appointment of clergy . . . prohibits the free exercise of religion." Kedroff v. St. Nicholas Cathedral, 344 U.S. 94, 107-08 (1952). Similarly, we have held that "the application of the provisions of Title VII to the employment relationship existing between . . . a church and its minister . . . result[s] in an encroachment by the State into an area of religious freedom which it is forbidden to enter" under the Free Exercise Clause of the First Amendment. McClure v. Salvation Army, 460 F.2d 553, 560 (5th Cir.

4

1972).[1]  We observed this about the employment relationship between a church and

its ministers:

> The relationship between an organized church and its ministers is its lifeblood.  The minister is the chief instrument by which the church seeks to fulfill its purpose.  Matters touching this relationship must necessarily be recognized as of prime ecclesiastical concern.  Just as the initial function of selecting a minister is a matter of church administration and government, so are the functions which accompany such a selection.  It is unavoidably true that these include the determination of a minister's salary, his place of assignment, and the duty he is to perform in the furtherance of the religious mission of the church.

Id. at 558-59.  We, accordingly, have affirmed the dismissal, for lack of subject

matter jurisdiction, of a Title VII action brought by a minister against her church

alleging sex discrimination and retaliatory discharge.  Id. at 560-61; see also EEOC

v. S.W. Baptist Theological Seminary, 651 F.2d 277, 281-83 (5th Cir. July 1981)

(reaffirming the holding in McClure).

We have also held that the application of § 1981 to a dispute between a

minister and his church employer would result in a prohibited encroachment.

Simpson v. Wells Lamont Corp., 494 F.2d 490, 492-94 (5th Cir. 1974).  In

Simpson, a pastor sued the North Mississippi Conference of the UMC, various

church officials and parishioners, along with local public officials and several local

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

businesses, alleging that his removal as pastor of four congregations and the subsequent eviction of his family from a parsonage violated certain of his civil rights under § 1981. Id. at 492. The district court dismissed the claims against the church defendants for lack of subject matter jurisdiction, and we affirmed, holding that "[t]he interaction between the church and its pastor is an integral part of church government" and that the reasoning in McClure was equally applicable to the case at hand:

> In McClure we held that the application of the equal employment opportunities provisions of the Civil Rights Act to the relationship between the Salvation Army and its officer who was a minister would result in encroachment by the state into the area of religious freedom in violation of the First Amendment. The application of the Civil Rights Act provisions urged by Simpson would likewise result in such a prohibited encroachment.

Id. at 493-94. Concluding that a long line of Supreme Court cases had reaffirmed the principle that civil courts are not an appropriate forum for review of internal ecclesiastical decisions, we held that "[t]he District Court was correct in dismissing the church defendants for lack of subject matter jurisdiction." Id. at 494.

In light of Simpson, and the other cases summarized above, we agree that McCants's claims are barred by the ministerial exception emanating from the Establishment and Free Exercise Clauses of the First Amendment.[2] Procedurally,

---

[2] To the extent that McCants properly raised before the district court the issue whether his post-termination retaliation claim is actionable because former employees may sue former

6

however, we also conclude that the district court should have decided the Rule 12(b)(1) motion before deciding the Rule 12(b)(6) motion.  See Jones, 725 F.2d at 623.  In both McClure and Simpson, we held that the district court had correctly dismissed a minister's claims against the church employer for want of subject matter jurisdiction, a matter that is appropriately dealt with by means of a Rule 12(b)(1) motion.  See Blue Cross, 156 F.3d at 1101 n.7.  We therefore affirm the district court's dismissal of McCants's claims on the basis that subject matter jurisdiction was lacking.  See Miller, 458 F.3d at 1256; Hernandez, 1513 F.3d at 1339.

**AFFIRMED.**

---

employers for retaliation, we conclude that in light of Simpson, it is likewise meritless and warrants no further discussion.