**UNITED STATES of America, Plaintiff,**

v.

**Marlene MORTEN, Defendant.**

**Civil Action No. 09–1018.**

United States District Court, District of Columbia.

Aug. 4, 2010.

Brian Richard Harris, Richard Donald Euliss, U.S. Department of Justice, Washington, DC, for Plaintiff.

Marlene Morten, Cape Coral, FL, pro se.

## OPINION

PAUL L. FRIEDMAN, District Judge.

The United States brought this action seeking to collect unpaid income and employment taxes from defendant Marlene Morten. Ms. Morten has filed two counterclaims against the United States. This matter is before the Court on the motion of the United States to dismiss Ms. Morten's counterclaims, Ms. Morten's motion to "enjoin" these proceedings, and a motion by a non-party, Unfoldment, Inc., to intervene as a third-party plaintiff. After careful consideration of the parties' papers and the relevant case law, statutes, and regulations, the Court will grant the United States' motion in part and deny it in part, dismissing Ms. Morten's counterclaim for breach of contract but allowing her to maintain her claim for a refund of tax penalties. The Court will deny Unfoldment's motion to intervene and Ms. Morten's motion to enjoin or stay these proceedings.

## I. BACKGROUND

According to the complaint filed by the United States, defendant Marlene Morten "is the only active corporate officer of Unfoldment, Inc." Complaint ("Compl.") ¶ 4.

The United States alleges that Ms. Morten, in her capacity as an officer of Unfoldment, was responsible for collecting and paying the federal "income and employment taxes of the employees of Unfoldment ... for the tax periods ended March 31, 1995, and December 31, 1998." *Id.* ¶¶ 9, 11. Those taxes were never paid, and the United States now seeks to collect them directly from Ms. Morten in her personal capacity. *Id.* ¶ 12.

Ms. Morten, in addition to asserting various defenses to the claims of the United States, has raised two counterclaims. According to Ms. Morten, Unfoldment has in the past contracted with the District of Columbia to "provide[ ] group homes to troubled youths." Defendant's Answer, Counterclaim and Third–Party Claim ("Answer") ¶ 23. The District of Columbia, however, "failed to pay" or only "partially paid Unfoldment's invoices for services rendered," with the result that Unfoldment was unable to pay the income and employment taxes owed to the United States. *Id.* ¶¶ 26–30.

Ms. Morten contends that the United States was partly responsible for the District of Columbia's failure to make adequate payments to Unfoldment. Answer ¶ 27. From 1995 through 2001, the finances of the District of Columbia were supervised and to some degree managed by the District of Columbia Financial Responsibility and Management Assistance Authority ("the Control Board"), an entity created by an act of Congress. *See* District of Columbia Financial Responsibility and Management Assistance Act of 1995, Pub. L. No. 104–8, 109 Stat. 97 (codified as amended at D.C. Code §§ 47–391.01 *et seq.*). Ms. Morten alleges that the Control Board had "authority to approve and override contract, budgetary, and financial decisions" made by the District of Columbia government and so was responsible for the

District's failure to honor its contract with Unfoldment. Answer ¶¶ 26, 28. Based on that contention and an apparent belief that the Control Board was a part of the United States government, Ms. Morten has filed a counterclaim against the Untied States, seeking to hold the United States liable for the District of Columbia's alleged breaches of its contracts with Unfoldment. *See id.* ¶ 35. A second counterclaim against the United States seeks the refund of $21,250 in tax penalties allegedly paid by Ms. Morten on August 4, 2009. *Id.* ¶ 36.

On November 18, 2009, the United States filed the pending motion to dismiss Ms. Morten's counterclaims. Ms. Morten, in opposing that motion, announced that she had filed a claim with the Internal Revenue Service on December 1, 2009, in an attempt to recover the $21,250 in penalties that she says she has paid. Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim and Motion [to] Enjoin Plaintiff from Proceeding with Collection Action ("Opp.") at 1–2. She moved for an order "enjoin[ing] Plaintiff from proceeding with this collection action during the pendency of [the] administrative claim refund proceeding" before the IRS. *Id.* at 2. At the same time, Unfoldment, purportedly represented by Ms. Morten, who is an attorney, moved to intervene in this matter.

## II. PLAINTIFF'S MOTION TO DISMISS MS. MORTEN'S COUNTERCLAIMS

### A. *Ms. Morten's Contract Claim*

The United States argues that Ms. Morten's contract claim against it should be dismissed because this Court lacks subject matter jurisdiction over the claim under the Tucker Act, which confers upon the United States Court of Federal Claims generally exclusive jurisdiction over "cases involving non-tort money damages in excess of $10,000." *Tootle v. Sec'y of the Navy,* 446 F.3d 167, 169 (D.C.Cir.2006); *see* 28 U.S.C. §§ 1491(a)(1), 1346(a)(2). According to the United States, Ms. Morten's counterclaim falls within the category of claims placed within the exclusive jurisdiction of the Court of Federal Claims because it sounds in contract, not tort, and Ms. Morten seeks monetary damages "to the extent that Defendant may be held to owe Plaintiff the amounts sought in this action." Answer ¶ 35; *see* Motion to Dismiss Counterclaims Against the United States ("Mot.") at 3–4. Because the amount that Ms. Morten "may be held to owe" the United States may be as much as $146,062.91, *see* Compl. ¶ A, the United States contends that Ms. Morten seeks damages greater than $10,000. Mot. at 3. Consequently, under the Tucker Act, her contract claim may be brought only in the Court of Federal Claims. *Id.*

As a general rule, a court should consider this kind of challenge to its subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure before assessing the legal sufficiency of the claim in question under Rule 12(b)(6). *See U.S. ex rel. Settlemire v. District of Columbia,* 198 F.3d 913, 920 (D.C.Cir.1999). An "[e]xception[ ] to this rule exists, however, when 'the plaintiff's claim "has no plausible foundation." ' " *Jones v. Georgia,* 725 F.2d 622, 623 (11th Cir.1984) (quoting *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981)); *see also U.S. ex rel. Kreindler & Kreindler v. United Tech. Corp.,* 985 F.2d 1148, 1156 (2d Cir.1993) (recognizing the exception identified in *Jones* ). In this case, because Ms. Morten's contract-based counterclaim has no plausible foundation, it will be dismissed under Rule 12(b)(6) for failure to state a claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007) (complaint must be sufficient "to state a claim for relief that is plausible on its face").

■ Ms. Morten claims that the United States is indirectly responsible for the alleged failure of the District of Columbia to make timely payments to Unfoldment, Inc., as required by the District's contracts with that organization. *See* Answer ¶ 27. There are two fatal legal flaws in this claim. First, there is no indication in Ms. Morten's pleadings that she has any legal right to bring a claim based on any contracts between Unfoldment and the District of Columbia. "Generally, a stranger to a contract may not bring a claim on the contract.... In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third party beneficiary status." *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C.2008) (internal quotation marks and citation omitted). Ms. Morten has nowhere alleged that she is in privity of contract with the District of Columbia or that she holds third party beneficiary status. Nor has she made any factual allegations from which any of those conclusions could be reasonably inferred. *See* Answer ¶¶ 23–26 (repeatedly emphasizing that the contracts at issue were *Unfoldment's*, not Ms. Morten's).

Second, Ms. Morten has failed to allege any legal basis for holding the United States liable for any breach of the contracts between Unfoldment and the District of Columbia. Ms. Morten's claim against the United States is based on her contentions that the Control Board failed to force the District of Columbia to fulfill the terms of its contracts with Unfoldment, and that the Control Board was effectively a part of the United States government. *See* Answer ¶¶ 24–25. But contrary to Ms. Morten's contentions, the Control Board was not established as an

agent or agency of the United States; indeed, in enacting the statute creating the Board, Congress made clear that it was not a part of the United States government. *See* Pub. L. No. 104–8, § 101(a) ("[T]he Authority is established as an entity within the government of the District of Columbia, and is not established as a department, agency, establishment or instrumentality of the United States Government."). Furthermore, the same statute exempts the Board from liability for obligations of the District of Columbia. *Id.* § 104. Ms. Morten thus cannot bring a legal claim against the United States based on the alleged involvement of the Control Board in the District of Columbia's failure to honor its contractual obligations to Unfoldment.

Ms. Morten has failed to state a cognizable counterclaim for breach of contract, both because she was not a party to the contracts between the District of Columbia and Unfoldment, and because the United States cannot be sued for actions taken by the Control Board and the District of Columbia government. For these reasons, her counterclaim alleging breach of contract will be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Ms. Morten's Refund Counterclaim

In addition to her contract counterclaim against the United States, Ms. Morten has brought a counterclaim seeking the refund of $21,250.00 in tax penalties that she allegedly paid to the United States. Answer ¶ 36. A court has subject matter jurisdiction over such a refund claim only if the claimant has first filed an administrative claim for a refund with the Internal Revenue Service. *See* 26 U.S.C. § 7422(a). If the claimant has filed the required administrative claim, she may not seek a refund in court until six months have passed since the filing of the administrative claim, or until the IRS has rendered a decision on

that claim—whichever comes first. *Id.* § 6532(a)(1).

Ms. Morten states in her opposition to the motion to dismiss—although not in her pleadings—that she did in fact file a refund claim with the IRS on December 1, 2009. Opp. ¶ 5. At the time that the United States filed its last memorandum related to the motion to dismiss, on March 4, 2010, six months had not yet passed from the date that Ms. Morten's administrative claim allegedly was filed, and the United States argued that, as a result, this Court lacked jurisdiction over Ms. Morten's refund claim. *See* Reply at 4. As of the date of this Opinion, however, six months have passed from the date of the asserted IRS filing, meaning that the Court has subject matter jurisdiction over the refund claim. *See id.* at 5 (acknowledging that Ms. Morten's refund claim in this Court would be "ripe" after June 1, 2010). The motion to dismiss that counterclaim therefore will be denied. Ms. Morten will be instructed to amend her pleadings to reflect the filing of the administrative claim and the current status of that claim before the IRS.

## III. DEFENDANT'S MOTION TO "ENJOIN" THE UNITED STATES FROM PROCEEDING WITH THIS ACTION

Ms. Morten has moved to "enjoin the [United States] from proceeding with this collection action during the pendency of [the] administrative claim refund proceeding," or until June 1, 2010, so that she may "file a refund suit in the appropriate forum" if her administrative claim is denied. Opp. ¶¶ 3, 9. In support of that motion, Ms. Morten cites 26 U.S.C. § 6331(i)(4)(A), which limits the authority of the United States to initiate a tax collection action against an individual who has already commenced a related refund action in a federal court. *See* 26 U.S.C. § 6331(i)(4)(A), (i)(1). That statute is plainly inapplicable in this case, however, because Ms. Morten had not commenced any refund action at the time the United States initiated this suit. Furthermore, there is no practical reason why this action should be stayed while Ms. Morten brings a refund action in some other forum; Ms. Morten's refund claim is properly before this Court and may be decided along with the United States' claims for unpaid taxes. Ms. Morten's motion for a stay therefore will be denied.

## IV. UNFOLDMENT'S MOTION TO INTERVENE AS A THIRD–PARTY PLAINTIFF

Unfoldment, Inc. has moved to intervene as a third-party plaintiff in this case. As an initial matter, the Court notes that Unfoldment's motion was filed by Ms. Morten, who is a lawyer and purports to represent Unfoldment in addition to herself. *See* Motion of Unfoldment, Inc. to Intervene as Third–Party Plaintiff ("Mot. to Intervene") at 7. Such simultaneous representation raises the specter of a serious conflict of interest. *See* D.C. RULES OF PROF'L CONDUCT R. 1.7. But the Court need not consider that possibility further, because Unfoldment does not qualify for intervention as of right and will not be granted permission to intervene.

Because Unfoldment does not specify whether it moves to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or by permission pursuant to Rule 24(b), the Court will analyze its motion under both provisions. Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part:

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). The "interest" claimed by the would-be intervenor must be "legally protected." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C.Cir.2008) (citation and internal quotation marks omitted). This test for a legally protected interest is " 'primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.' " *Seminole Nation of Okla. v. Norton*, 206 F.R.D. 1, 8 (D.D.C.2001) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967)). Under Rule 24(a), the would-be intervenor bears the burden of demonstrating that the requisite interest exists. *See DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 23 (D.D.C.2002).

 Unfoldment proposes to intervene as a plaintiff so that it can add a non-party, the District of Columbia, as a third-party defendant and bring claims for breach of contract against it. Mot. to Intervene ¶ 29. But Unfoldment has no legally protected interest in bringing any contract claims it may have against the District of Columbia as part of the tax collection action brought by the plaintiff United States against defendant Morten, and it has not identified any way in which any findings made or decisions reached in this case would affect any legal claims against the District of Columbia that Unfoldment might have. Furthermore, Unfoldment itself acknowledges that it cannot be held liable for the unpaid taxes that the United States seeks from Ms. Morten. *See id.* ¶ 26. Nor does Unfoldment's asserted desire to "inform the Court of the efforts that it made over the years to pay the taxes which [the United States] now seeks to recover from Ms. Morten" constitute an interest justifying intervention as of right. Mot. to Intervene ¶ 28. Ms. Morten will have ample opportunity to gather and submit evidence of such efforts in her defense; Unfoldment's presence as a party to this suit is not required.

Having failed to meet Rule 24(a)'s requirements for intervention as of right, Unfoldment also fails to convince this Court that it should be permitted to intervene under Rule 24(b). A court may grant a motion for permissive intervention where the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "At a minimum, the putative intervenor must present the Court with: '(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.' " *Aristotle Int'l, Inc. v. NGP Software, Inc.*, Civil Action No. 05–1700, 714 F.Supp.2d 1, 18, 2010 WL 2134285, at *15 (D.D.C. Mar. 10, 2010) (quoting *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C.Cir.1998)). Unfoldment has clearly failed to present at least one of those required elements: it has not even attempted to explain why this Court would have subject matter jurisdiction over its contract claims against the District of Columbia. Consequently, its motion to intervene will be denied.

## V. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the United States' motion to dismiss Ms. Morten's counterclaims. It will deny Ms. Morten's motion to "enjoin" this action as well as Unfoldment's motion to intervene as a

third-party plaintiff. Ms. Morten will be instructed to amend her pleadings to reflect the filing of her administrative claim for a refund with the IRS. An Order consistent with this Opinion shall be issued this same day.

SO ORDERED.

## ORDER

For the reasons given in the Opinion issued this same day, it is hereby

ORDERED that [9] the motion of the United States to dismiss Ms. Morten's counterclaims against it is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that Ms. Morten's counterclaim alleging that the United States is liable for the breach of contracts between the District of Columbia and Unfoldment, Inc. is DISMISSED; it is

FURTHER ORDERED that [13] Ms. Morten's motion to enjoin the United States from proceeding with this collection action is DENIED; it is

FURTHER ORDERED that [12] Unfoldment, Inc.'s motion to intervene as a third-party plaintiff is DENIED; and it is

FURTHER ORDERED that on or before August 20, 2010, Ms. Morten will amend her pleadings to reflect her filing of an administrative claim for a refund of tax penalties from the IRS and her understanding of the status of that claim.

SO ORDERED.