[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14047
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22193-MGC


RANDOLPH H. GUTHRIE, III,

Plaintiff-Appellant,

versus

U.S. GOVERNMENT, et al.,

Defendants,

CITY OF NEW YORK,
CITY OF MIAMI,
BAKER DONNELLSON,
J&J TEQ III, CORP.
ICONBRICKELL MASTER ASSOCIATION, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 16, 2015)

Before TJOFLAT, WILSON and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Randolph Guthrie ("Guthrie"), proceeding *pro se*, appeals the district court's dismissal of his *pro se* sixth amended complaint alleging 98 counts under the common law, Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and §§ 2671-80, and the civil remedies provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964.  The district court so ruled because the complaint was frivolous, there was no subject matter jurisdiction, and Guthrie's claims were barred by the doctrine of *res judicata*.[1]  On appeal, Guthrie disputes these conclusions.

I.    BACKGROUND

In 2005, Guthrie was prosecuted and convicted of copyright infringement. During his imprisonment and afterwards, he alleges that he was mistreated in various ways by the United States and the other 34 defendants originally named in this case.  The nature of the alleged mistreatment is summarized in a previous order from this Court:

> Here, Guthrie alleged that the government conspired with his attorneys, landlords, television and internet service providers, social media service providers, hospitals, pharmacies, municipalities, mail carriers, and others to harm him in various ways.  Among other things, he alleged that the government and its co-conspirators:

---

[1]  Guthrie also appeals the district court's earlier dismissal of several parties for lack of personal jurisdiction.  However, we have already summarily affirmed as to those parties.

2

(1) pressured him to plead guilty to copyright infringement in order to protect the Chinese government; (2) scared him and otherwise made him uncomfortable while he was incarcerated; (3) inserted undercover agents into the prison population where he was incarcerated in order to alter his prison environment; (4) injected bacteria under his skin while he was sleeping to cause pimples; (5) put bacteria into his ear causing an ear infection; (6) poisoned him using a gun that shot invisible, painless, and untraceable darts and a "gas distribution apparatus" that was covertly installed in his apartment; (7) monitored him through video surveillance equipment and access to his medical records and social media activity; (8) poisoned and killed his pet parrot; (9) defamed him to his mother; (10) manufactured baseless criminal charges against him; (11) tampered with his mail; (12) prevented him from appealing a federal district court decision; and (13) generally annoyed him via loud music from adjoining apartments, sporadic interruptions in cable and internet services, and rudeness.

Guthrie filed his original *pro se* complaint in the Southern District of Florida on June 12, 2012, but it was dismissed for failing to comply with the one-claim-per-count requirement of Fed.R.Civ.P. 10(b). Guthrie's subsequent five amended complaints likewise were dismissed for the same reason. The district court notified Guthrie that his sixth amended complaint would be his last opportunity before the court would dismiss his complaint with prejudice. This sixth amended complaint, filed on November 15, 2013, alleged 98 counts against the 35 defendants. It alleged causes of action under the common law, the FTCA and RICO.

The defendants moved for dismissal, challenging the court's subject matter jurisdiction under Rule 12(b)(1) and the sufficiency of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Three defendants also raised

personal jurisdiction challenges. The district court issued an order on September 2, 2014, in which it granted the defendants' motions to dismiss Guthrie's sixth amended complaint, having decided that it was frivolous. Because Guthrie had filed two earlier, similar lawsuits in the Southern District of New York, both of which were dismissed with prejudice, the court further determined that *res judicata* applied to some of the claims, leaving no federal question in the surviving claims. Nor was there complete diversity of parties. Thus, the district court also determined that it lacked subject matter jurisdiction.

Guthrie filed a timely appeal. On December 17, 2014, the Court issued an order summarily affirming the district court's dismissal for lack of personal jurisdiction with respect to defendants Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Clarence Lee Lott III; and Robert E. Hauberg, Jr. We also summarily affirmed the district court's dismissal with prejudice of the sixth amended complaint as it pertained to fourteen defendants, including the United States.

## II.    STANDARDS OF REVIEW

We apply a *de novo* standard of review to a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). We also apply a *de novo* standard of review to a

district court's determination of *res judicata*. *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).

A Rule 12(b)(6) dismissal for failure to state a claim is reviewed *de novo*. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). We review a district court's determination of frivolity for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Discretion means that the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

## III.    ANALYSIS

"When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion." *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).[2] However, we permit exceptions to this "when 'the plaintiff's claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision.'" *Id.* (quoting *Williamson*, 645 F.2d

---

[2] In *Bonner v. City of Prichard, Ala.*, this Court adopted as binding precedent those decisions handed down prior to October 1, 1981 by the Fifth Circuit. 661 F.2d 1206, 1207 (11th Cir. 1981). *Williamson* was decided by this Court on May 20, 1981 and therefore is precedential.

5

at 416).  Thus, when a claim is potentially frivolous, the order in which an appellate court may address dismissal of that claim is not rigid.

## A.    The District Court's Subject Matter Jurisdiction

The district court held that dismissal was appropriate because no basis for subject matter jurisdiction was present.  Guthrie had alleged that there was federal question jurisdiction, diversity jurisdiction, and jurisdiction arising from the fact that the United States was a defendant.  *See* 28 U.S.C. §§ 1331, 1332, 1346, and 1402.  As mentioned, however, we have already dismissed the United States as a party.

The district court first noted that there was not complete diversity of citizenship among the parties, and therefore no jurisdiction under 28 U.S.C. § 1332.[3]  It next pointed out that, of the claims arising under federal law, Guthrie "has prosecuted these exact claims against almost all of the same defendants named in this action in two cases filed in the Southern District of New York[.]" Because those cases were both dismissed on the merits, involved the same parties and causes of action, Guthrie was barred under the doctrine of *res judicata* from bringing the action again.  *See In re: Piper Aircraft Corp.*, 244 F.3d 1289, 1296

---

[3]  In a supplemental filing in the district court, Guthrie, a Florida resident, alleged that five of the defendants were either incorporated or headquartered in Florida.  Corporations are citizens of both their state of incorporation and the state in which is located their principle place of business.  28 U.S.C. 1332(c)(1); *see also Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985).  Thus, the complete diversity of citizenship, required by 28 U.S.C. § 1332, was lacking.  *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

6

(11th Cir. 2001) (*Res judicata* requires that "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.") (internal citations removed).

On appeal, Guthrie admits that diversity jurisdiction is lacking. As for federal question jurisdiction, however, Guthrie argues that, although many of the allegations in his sixth amended complaint were raised and dismissed in the prior suits, the allegations in Counts 1-5 and 72-98 were not, and that the events underlying Counts 72-98 all occurred after the filing of those suits. Therefore, *res judicata* cannot apply to those claims.

Counts 1-5 all concern defendants who have been dismissed from this case pursuant to our December 17, 2014. The allegations in Counts 72-98 do concern conduct that occurred after the filing of the New York cases, but do not raise any federal questions, except for Count 98—a civil RICO claim against the United States—but that party was also dismissed by our December 17, 2014 order. In short, there is no diversity jurisdiction. As to federal jurisdiction, the only counts remaining in the complaint that set out a federal question are precluded by the principle of *res judicata*. Thus, even assuming federal jurisdiction, Guthrie's claims still cannot proceed.

7

## B.    The Frivolity of Guthrie's Suit

The district court also dismissed Guthrie's sixth amended complaint under Rule 12(b)(6) because his "claims are patently frivolous."  In our December 17, 2014 order, we affirmed the district court's order as it pertained to fourteen of the defendants, including the United States.  We see no reason to reach a different outcome with regard to the remaining defendants.

Rule 8(a)(2) requires that a plaintiff's claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8.  The Supreme Court has explained that a claim for relief must contain sufficient factual allegations to cross "the line between possibility and plausibility."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  That is, although the district court is bound to "accept as true all of the allegations contained in a complaint," this is limited by the rule that "only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Related to this is the rule that a district court has the inherent power to dismiss an action that is "so patently lacking in merit as to be frivolous."  *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983).  It is important to keep frivolity distinct from mere improbability.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable[.]"  *Twombly*, 550

8

U.S. at 556.  However, improbability tips into frivolity where the "allegations . . . are sufficiently fantastic to defy reality as we know it:  claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."  *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting); *see also Bilal*, 251 F.3d at 1349 (Frivolous claims include those describing "fantastic or delusional scenarios.")

The district court did not abuse its discretion in dismissing Guthrie's sixth amended complaint for frivolity.  Guthrie's fantastical congeries of harms is far beyond mere improbability.  According to his sixth amended complaint, the defendants have—sometimes individually, sometimes in conspiracy—put bacteria in his ear, causing it to become infected; injected bacteria under his skin while he was asleep, causing him to develop pimples on his face; piped pharmaceutical gases into his apartment through a "gas distribution apparatus"; had his neighbors play loud music at night; had nurses draw more blood than was medically necessary so that mysterious tests could be conducted; made sure that his internet social networking was controlled by government agents; sabotaged his iPhone and satellite television; substituted lower dosage drugs or placebos for what he had been prescribed; delayed his mail delivery; ordered a person to have a car accident with him; poisoned his baby Macaw parrot; and gave him a drug that made him feel that he was passing a kidney stone.

9

While there are no little green men or time machines in Guthrie's sixth amended complaint, it is fantastic enough to have been halted at the starting gate by the district court.  We therefore conclude that the district court did not abuse its discretion by dismissing the complaint.  *See Betty K Agencies, Ltd.*, 432 F.3d at 1337; *Bilal*, 251 F.3d at 1349.  Accordingly, we affirm.

**AFFIRMED.**