Ernst ROSENKRANTZ, Plaintiff,

v.

Antonios MARKOPOULOS,
et al., Defendants.

No. 8:01–CV–1415–T–30TGW.

United States District Court,
M.D. Florida,
Tampa Division.

March 27, 2003.

John D. Mallah, Law Offices of Mallah, Starling & Associates, Miami Lakes, FL, for Ernst Rosenkrantz, Individually, plaintiff.

James A. Staack, David Thorpe, Kalina Sarmov, Staack, Simms & Hernandez, P.A., Clearwater, FL, for Antonios Marko-

poulos, Individually, Paradise Beach Resort, Inc., a Florida profit corporation, defendants.

## ORDER

MOODY, District Judge.

This cause is before the Court upon Defendants' Factual Submissions to Defendants' Motion to Dismiss pursuant to this Court's Order Dated July 16, 2002, and Incorporated Memorandum of Law (Dkt.# 34), which this Court is treating as a renewed motion to dismiss. Plaintiff filed a response thereto (Dkt.# 39). After close consideration, this Court concludes that Defendants' motion should be granted.

## BACKGROUND

This is an action brought pursuant to Title III of the Americans with Disabilities Act of 1990 (the "ADA"). On July 30, 2001, Plaintiff sued Defendants seeking permanent and temporary injunctive relief. On July 16, 2002 this Court entered an Order that requested the parties supplement the factual record so that this Court could determine whether Plaintiff had standing to bring this suit.

Thereafter, Defendants attempted to depose Plaintiff, but Plaintiff's health and travel plans prevented his deposition until January 23, 2003. At his deposition, Plaintiff stated that he has lived in Miami Beach for the last fourteen years and before that in Coral Gables. Plaintiff travels twice a year(once up to his summer house in North Carolina and once later returning to Miami Beach). He only travels through the Tampa Bay area once every few years on his way to or from North Carolina. Plaintiff has only been to Clearwater Beach the one time (in 2000).[1] Plaintiff has neither friends nor other family in the Tampa Bay area other than his sister-in-law who lives in St. Petersburg. Plaintiff described his travel to the Tampa Bay area as "once in a while occasionally, sometimes more often than other times."[2] Rosenkrantz Depo. at 20. Since plaintiff visited in 2000, plaintiff has neither traveled nor made reservations to travel to the Tampa Bay area. Plaintiff "may" travel to the Tampa Bay area this year or next year and would stay at Defendant's hotel if it could accommodate his disability.[3]

## LEGAL ANALYSIS

There are two types of challenges that a party may raise to subject matter jurisdiction: facial and factual. When a court considers a facial attack to its subject matter jurisdiction, the court only looks and sees if the plaintiff alleged a basis of subject matter jurisdiction. *See McMaster v. U.S.*, 177 F.3d 936, 940 (11th Cir.1999). The court assumes that the allegations in the complaint are true. *See id.* When a party presents a factual attack to the subject matter jurisdiction of a court, the court may consider matters outside pleadings, such as affidavits and depo-

---

1. The parties agree that Clearwater Beach is approximately twenty (20) miles to the north of St. Petersburg.

2. Despite his infrequent travel throughout the Central Florida area. Plaintiff has brought or been the individual plaintiff in fifty eight (58) actions in the Middle District of Florida. On his trip in 2000 through the Tampa Bay area that forms the basis for this action, Plaintiff evidently attempted to stay at four hotels (including the one operated by these Defendants) that all allegedly did not meet the ADA (a Best Western, Howard Johnson, and Economy Inn). *See* Complaints in case nos. 8:01–cv–1410; 8:01–cv–1411; 8:01–cv–1413. According to his deposition, Plaintiff has brought hundreds of suits, including some which he never visited the property in question.

3. To the extent that Plaintiff's affidavit contradicts his deposition testimony, this Court is disregarding the affidavit as not credible. *See Morrison*, 323 F.3d at 924.

sitions, and no presumption of truthfulness attaches to allegations in a complaint. *See id.; Goodman v. Sipos,* 259 F.3d 1327, 1331 n. 6 (11th Cir.2001).

Defendants make a factual challenge in their renewed motion to Plaintiff's standing. When standing is challenged on a factual basis, the plaintiff must demonstrate that standing exists by a preponderance of the evidence. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981); *Perry v. Village of Arlington Heights,* 186 F.3d 826 (7th Cir.1999). This burden means that a trial court can evaluate a jurisdictional claim even when material issues of fact exist. *See See Morrison v. Amway Corp.,* 323 F.3d 920, 924 (11th Cir.2003); *Scarfo v. Ginsberg,* 175 F.3d 957, 960–61 (11th Cir.1999) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)).

Standing requires that: (1) plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and conduct complained of; and (3) plaintiff must show that it is likely that the injury will be redressed by a favorable decision. *See Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir.2001). Additionally, when a plaintiff seeks prospective injunctive relief, he must show a " 'real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury.' " *Id.* (quoting *Wooden v. Bd. of Regents of University System of Ga.,* 247 F.3d 1262, 1284 (11th Cir.2001)) (emphasis in original).[4]

The Supreme Court in *Lujan* commented that to sufficiently establish injury in fact a plaintiff must prove more than an intent to return to places previously visited. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563–64, 112 S.Ct. 2130, 119

L.Ed.2d 351 (1992). The Court stated that "[s]uch 'someday intentions—without any description of concrete plans', or indeed even any speculation of *when* the some day will be-do not support a finding of 'actual or imminent' injury that *our* cases require." *Id.* at 564, 112 S.Ct. 2130 (emphasis in original). Justice Kennedy concurred in *Lujan* and stated that a plaintiff to show injury in fact must purchase an airline or indicate a date certain that they would return. *See id.* at 579, 112 S.Ct. 2130 (Kennedy, J., concurring).

In *Shotz,* the Eleventh Circuit dealt with a facial challenge to the standing of a Plaintiff under the ADA. *See* 256 F.3d at 1081. The Eleventh Circuit concluded that allegations of past discrimination were not sufficient. *See id.* at 1082. The plaintiff in that case had neither alleged that they attempted to return nor that they intended to do so in the future. *See id.* Therefore, the plaintiff had not alleged that the likelihood of discrimination was "real and immediate." *Id.*

In *Freydel v. New York Hospital,* the Second Circuit held that a plaintiff failed to meet the real and immediate threat standing requirement, when the plaintiff had visited the hospital in question only once and only showed that she "may" be referred there in the future. Case No. 00–7108, 2000 WL 1836755, at *5–6 (2d Cir. December 13, 2000) (unpublished opinion). The court stated that such a possibility was "indefinite speculation." *Id.* The court noted that there were numerous other related hospitals between plaintiff's home and the hospital in question that were more likely to receive a referral than the defendant hospital. *See id.*

Multiple district court decisions have defined factors that are important in de-

---

4. In *Wooden,* the Eleventh Circuit concluded that a current University of Georgia student lacked standing, because he could (or did) not show how the undergraduate admission policy would affect him in the future after he had been admitted and was attending school there. 247 F.3d at 1284–85.

termining when the "real and immediate" requirement of standing is met. For example, a district court in the Southern District of Florida held that a personal history of use of a facility and residence in the area supported a conclusion that standing existed. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357 (S.D.Fla.2001). Similarly, a district court for the District of Hawaii held that standing existed when plaintiff patronized other of defendant's franchises and the defendant franchise was within a reasonable distance from plaintiff's residence. *See Parr v. L & L Drive–Inn Restaurant*, 96 F.Supp.2d 1065, 1079–80 (D.Hawai'i 2000). Additionally, another district court for the District of Hawaii held that standing did not exist when the plaintiff only stated that she would "look into" another trip on defendant or another cruise line in the near future. *See Deck v. American Hawaii Cruises, Inc.*, 121 F.Supp.2d 1292, 1299 (D.Hawai'i 2000). For slightly different reasons, a district court in the Eastern District of Virginia held that standing did not exist when the plaintiff moved to a different state after being discriminated against. *See Hoepfl v. Barlow*, 906 F.Supp. 317, 320 (E.D.Va. 1995). Finally, a district court in the Northern District of California held that standing did not exist when the plaintiff stayed in an area only a couple of days a year and could not show that she would need to use the hospital again. *See Aikins v. St. Helena Hospital*, 843 F.Supp. 1329, 1333–34 (N.D.Cal.1994).

While this Court concludes that a hotel reservation is not required to meet the "real and immediate" requirement for injunctive relief, Plaintiff has not demonstrated anything but a speculative or conjectural future injury. Plaintiff lives hundreds of miles away from Clearwater Beach. Plaintiff travels only twice a year. The most direct route to and from his North Carolina destination comes nowhere near the Tampa Bay area. Plaintiff has only been to Clearwater Beach once. His travel to the Tampa Bay area was irregular, occasional, and infrequent. The fact that his sister-in-law lives twenty (20) miles from Clearwater Beach by itself does not support a likelihood of real and immediate injury. There are countless hotels closer to Plaintiff's sister-in-law's house than Defendants' establishment, several of which he sued because he intends to stay there in the future. Plaintiff's future travel plans are just "some day" intentions and lack any description of concrete plans or anything more definite than that he will travel to the Tampa Bay area in the next year or two probably. Plaintiff's "future injury" is identical to the injury alleged in *Lujan* and, therefore, Plaintiff has failed to establish standing to bring this suit.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' motion to dismiss is **GRANTED**.

2. The Clerk is directed to close this case and terminate all pending motions as moot.