**Norman HOEWISCHER, Plaintiff,**

v.

**The CEDAR BEND CLUB, INC., Defendant.**

**Case No. 3:11–cv–1040–J–37TEM.**

United States District Court, M.D. Florida, Jacksonville Division.

June 28, 2012.

Barbra R. Joyner, Law Office of Barbra R. Joyner, PA, Orlando, FL, for Plaintiff.

Daniel W. Anderson, Tracy Martinell Henry, Clearwater, FL, for Defendant.

## ORDER

ROY B. DALTON, JR., District Judge.

This cause is before the Court on the following:

1) Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17), filed on February 23, 2012;

2) Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint and Incorporated Memoran-

dum of Law (Doc. No. 18), filed on March 7, 2012;

3) The Report and Recommendation (Doc. No. 21), entered on May 1, 2012;

4) Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. No. 22), filed on May 16, 2012;

5) Plaintiff's Response to Defendant's Objection to Report and Recommendation (Doc. No. 23), filed on May 21, 2012;

6) Order Denying Motion to Dismiss and Adopting Report and Recommendation (Doc. No. 24), entered on May 23, 2012; and

7) Defendant's Motion for Reconsideration (Doc. No. 26), filed on June 20, 2012.

## BACKGROUND

On October 21, 2011, Norman Hoewischer ("Plaintiff") filed his initial complaint (Doc. No. 1) against The Cedar Bend Club, Inc. ("Defendant"), seeking injunctive relief and attorney's fees pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). On February 9, 2012, Plaintiff filed an amended complaint (Doc. No. 16), which Defendant moved to dismiss on February 23, 2012 (Doc. No. 17). On May 1, 2012, Magistrate Judge Thomas E. Morris issued a Report and Recommendation, recommending the Motion to Dismiss (Doc. No. 17) be denied. (Doc. No. 21.) Defendant filed its Objections on May 16, 2012, fifteen (15) days after service of the Report and Recommendation. (Doc. No. 22.) The Court ultimately adopted the Report and Recommendation, and denied the Motion to Dismiss. (*See* Doc. No. 24.)

## DISCUSSION

### A. Motion for Reconsideration

 Defendant filed its Motion for Reconsideration on June 20, 2012, asking the Court to reconsider its May 23, 2012 Order denying the Motion to Dismiss and Adopting the Report and Recommendation. (Doc. No. 26.) Upon consideration, the Court finds that the Motion fails to satisfy any of the grounds available under Federal Rules of Civil Procedure ("Federal Rules" or "Rules") 59(e) or 60(b) to justify the "extraordinary remedy" Defendant requests. *See Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D.Fla.1999). The Motion for Reconsideration is essentially a recitation of Defendant's Objections to the Report and Recommendation, and fails to show "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Fla. Coll. of Osteopathic Med., Inc. v. Witter Reynolds, Inc.,* 12 F.Supp.2d 1306, 1308 (M.D.Fla.1998).

 After a review of the record, however, the Court has determined that good cause exists to reconsider its May 23, 2012 Order. (*See* Doc. No. 24.) Although Defendant fails to raise this issue in its Motion for Reconsideration, the Court has discovered that it inadvertently failed to add three (3) days to the fourteen (14) day deadline for Defendant to file objections to the Report and Recommendation. (*See* Doc. No. 21, p. 1 n. 1.) Federal Rule 6(d) states: "When a party may or must act within a specified time after service ... 3 days are added after the period would otherwise expire under Rule 6(a)." Rule 6(a) describes how to compute a time period "specified in [the Rules], in any local rule, or court order, or in any statute that does not specify a method of computing time."

As described in the May 23, 2012 Order, the Report and Recommendation advised:

Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this

Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(Doc. No. 24, p. 3 (citing Doc. No. 21, p. 1 n. 1 (emphasis in original)).) The Federal Rule, local rule, court order, and statute cited above do not provide a "method of computing time." *See* Fed.R.Civ.P. 6(d). Therefore, Rule 6(d) applies, and Defendant's Objections would be considered timely if they were received on or before May 18, 2012. As previously stated, Defendant filed the Objections on May 15, 2012. On this basis, the Motion for Reconsideration (Doc. No. 26) is due to be granted, and the Court reconsiders the Report and Recommendation in light of Defendant's Objections (Doc. No. 22).

### B. Report and Recommendation

After an independent review of the entire record, and a *de novo* review of the parts of the Report and Recommendation to which Defendant properly objected (*see* Doc. No. 22), the Court hereby adopts, confirms, and ratifies the Magistrate Judge's Report and Recommendation (Doc. No. 21) for the reasons stated below. *See* Fed.R.Civ.P. 72(b)(3).

### 1. Rule 12(b)(1) Challenge to Standing

While framed as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the essence of Defendant's argument is an attack on Plaintiff's standing and thus the Court's subject matter jurisdiction. (Doc. No. 21, p. 5.) As such, the Magistrate Judge construed Defendant's challenge as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. (*Id.*)

Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008). On a facial attack, the Court accepts the complaint's allegations as true and decides only whether the plaintiff sufficiently alleges a basis for subject matter jurisdiction. *Id.* Defendant's attack on jurisdiction is a facial, not a factual, attack. (Doc. No. 21, p. 5.)

■ To establish standing under Title III of the ADA, a plaintiff must allege: (1) an injury in fact; (2) a causal connection between the injury and Defendant's alleged conduct; (3) that the injury will likely be redressed by a favorable ruling; and (4) that he will suffer future disability discrimination by the defendant. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir.2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); *Miller v. King*, 384 F.3d 1248, 1263 n. 14 (11th Cir.2004). Looking at only the Complaint and accepting the facts alleged therein as true, the Magistrate Judge found that Plaintiff properly alleged these required elements. (Doc. No. 21, p. 11.)

■ Defendant argues that the Magistrate Judge should have looked beyond the four corners of the Complaint and considered the fact that Plaintiff has filed over 100 lawsuits in this District. (Doc. No. 26, p. 4.) Defendant asserts that the fourth element of standing is not met because "it would be difficult at best for Plaintiff to find the time to return to all of the places of public accommodation that he has sued." (Doc. No. 26, p. 2–3.) Making such a finding would necessarily require the Court to weigh the credibility of Plaintiff's Complaint, instead of merely taking the facts in it as true. This is a clear departure from the legal standard requiring the court "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction ...." *Stalley* at

1233 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)). Moreover, the Magistrate Judge found that even considering Plaintiff's other lawsuits, it is not implausible that Plaintiff has in fact visited, and intends to return to, numerous businesses in his area.[1] (Doc. No. 21, p. 11.) Therefore, without making any determination as to the credibility of the pleadings, the Court finds that the Magistrate Judge applied the legal standard correctly.

### 2. Consistency with Other Decisions

Defendant also argues that the Report and Recommendation (Doc. No. 21) is inconsistent with other orders from the Middle District of Florida. (Doc. No. 26, p. 4.) In support of this proposition, Defendant cites three cases, each of which the Court finds to be distinguishable on the facts.

First, whereas the plaintiff in *Duldulao v. La Creperia Cafe, Inc.*, No. 8:11–CV–1413–T–23TBM, 2011 WL 6840585, at *3 (M.D.Fla. Dec. 29, 2011), pleaded the existence of barriers entirely unrelated to his disability, Plaintiff in the instant case pleads only barriers related to his use of a wheelchair. (Doc. No. 16, p. 4). The instant case is also distinguishable from *de Palo v. Countryside Station Ltd. Liab. Co.*, 6:12–CV–204–ORL–31, 2012 WL 1231968, at *2 (M.D.Fla. Apr. 12, 2012), in which the complaint was one of sixteen identical complaints, each alleging identical barriers to access, filed in separate lawsuits. The allegations of the complaint were also "so vague that none of the alleged violations could be traced to the actions" of the named defendant. *Id.* at *3. While Plaintiff in the instant case has filed many lawsuits, reviewing the five cited by Defendant shows that none of his complaints alleges identical barriers. It is also clear in this case that the alleged violations can be traced to Defendant. Fi-

nally, in contrast to *Tampa Bay Am. with Disabilities Ass'n, Inc. v. Nancy Markoe Gallery, Inc.*, No. 806–CV–318T–27MAP, 2007 WL 2066379, at *2 (M.D.Fla. May 3, 2007), in which the plaintiff pleaded only vague "some day intentions" to return, *Lujan*, 504 U.S. at 564, 112 S.Ct. 2130 (internal quotation marks omitted), Plaintiff in the instant case pleads concrete plans to return within one month (Doc. No. 16, ¶ 5). Since each of the cases Defendant cites is distinguishable on the facts, the Court finds no inconsistency between this Order (Doc. No. 24) and other decisions in the Middle District.

### 3. Remaining Objections

The Court is not persuaded by Defendant's remaining Objections (*e.g.*, "Plaintiff continues to fail to sufficiently plead a disability"), some of which are better left for resolution at the summary judgment stage.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED:**

1) Defendant's Motion for Reconsideration (Doc. No. 26) is hereby **GRANTED** for the reasons stated herein.

2) The Court **VACATES** its May 23, 2012 Order Denying the Motion to Dismiss and Adopting the Report and Recommendation. (Doc. No. 24.)

3) For the reasons stated in this Order, Magistrate Judge Thomas E. Morris's Report and Recommendation (Doc. No. 21) is **ADOPTED** as the opinion of the Court.

4) The Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17) is **DENIED.**

---

**1.** Plaintiff lives 13.4 miles from Defendant's establishment. (*See* Doc. No. 17, p. 11.)

*REPORT AND RECOMMENDATION*[1]

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. # 17, Motion to Dismiss), filed February 23, 2012. The matter has been referred to the undersigned for entry of a report and recommendation on disposition of the Motion to Dismiss. For the reasons stated herein, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss be *DENIED.*

## I. PROCEDURAL HISTORY

This is an action seeking a declaratory judgment, injunctive relief and attorney's fees pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").[2] Plaintiff filed his initial complaint on October 21, 2011, alleging barriers to access exist at Defendant's property, The Cedar Bend Club, Inc. ("Defendant") (Doc. # 1). In response, Defendant filed a Motion to Dismiss

(Doc. # 13) on January 27, 2012. Thereafter, Plaintiff filed the Amended Complaint on February 9, 2012 (Doc. # 16) and Defendant filed its Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law on February 23, 2012.[3] Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law was filed on March 7, 2012 (Doc. # 18, Response). On April 13, 2012, Defendant filed the Notice of Supplemental Authority (Doc. # 20).

The issues before the Court are whether the Amended Complaint: (1) states sufficient facts demonstrating Plaintiff has suffered an injury in fact, thereby supporting his standing to bring the complaint; (2) alleges sufficient facts upon which a permanent injunction may be granted; and, (3) states a cause of action for relief under the ADA by demonstrating Defendant's removal of mobility barriers is "readily achievable."[4]

---

1. Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

2. Plaintiff also asserts this suit is brought pursuant to the "Florida Accessibility Code." Amended Complaint at 1. The Court presumes Plaintiff is actually referring to the "Florida Americans With Disabilities Accessibility Implementation Act," Fla. Stat. § 553.501 et seq. Section 553.503, Florida Statutes, adopts the ADA standards for accessible design and incorporates them into the "Florida Accessibility Code for Building Construction."

3. The Eleventh Circuit has recognized "an amended complaint supersedes the original complaint." *See Fritz v. Standard ·Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358

(11th Cir.1982). Therefore, Defendant's original motion to dismiss (Doc. # 13) has been rendered moot and the Clerk should terminate the motion.

4. The Court notes Defendant has couched its Motion to Dismiss entirely in terms of Plaintiff's failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). *See generally,* Motion to Dismiss. However, much of Defendant's argument hinges on whether Plaintiff has standing to pursue this lawsuit. *See id.* Unquestionably, standing to sue is a challenge to the Court's subject matter jurisdiction and will be treated as such. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541–43, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Region 8 Forest Service Timber Purchasers Council v. Alcock,* 993 F.2d 800, 807 n. 8 (1993) ("a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, [which] it is brought pursuant to Rule 12(b)(1)") (11th Cir.1993).

## II. STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n. 2 (11th Cir.1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir.2006) (emphasis omitted). Rule 8, which describes the general rules of pleadings, and Rule 10, which describes the form of pleadings, work together " 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.' " *Fikes v. City of Daphne,* 79 F.3d 1079, 1082 (11th Cir.1996) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if the complaint fails "to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). Rule 12(b)(1) requires a court to dismiss a case in which the court has found it is without subject matter jurisdiction. *McCants v. Alabama–West Florida Conf. of the United Methodist Church, Inc.,* 372 Fed.Appx. 39, 40 (11th Cir.2010). The United States Supreme Court has held that a complaint that has been "attacked by" a 12(b)(6) motion does not need in-depth factual allegations; however, the plaintiff must "provide the grounds of his entitlement to relief[,] [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted). The Court is required to accept all of a plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to a plaintiff. *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1274, n. 1 (11th Cir.1999), *Hawthorne v. MacAdjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). Courts generally disfavor motions to dismiss and grant such motions only in rare circumstances. *See Gasper v. Louisiana Stadium and Exposition Dist.,* 577 F.2d 897, 900 (5th Cir.1978).[5]

## III. ANALYSIS

■ Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail under Title III of the ADA, a plaintiff "generally has the burden of proving: (1) that [he] is an individual with a disability; (2) that defendant is a place of public accommodation; (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of [his] disability."[6] *Schiavo ex rel Schindler v. Schiavo,* 358 F.Supp.2d 1161, 1165 (M.D.Fla.2005). Included in the discrimination prohibited by

---

**5.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**6.** The parties do not dispute that Plaintiff is an individual with a disability, or that Defendant is a place of public accommodation.

the ADA is a private entity's "failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1362 (S.D.Fla.2001) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)).[7]

## A. Standing

Defendant asserts Plaintiff has failed to demonstrate he has suffered any injury in fact and thus does not have standing to bring his claims. Motion to Dismiss at 5. Specifically, Defendant argues the "bare claims" asserted by Plaintiff in his Amended Complaint are insufficient to support Plaintiff's claims that he "has suffered an injury or any barriers to access." *Id.* The Court will analyze the standing issue as a challenge to jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

▇ Attacks on subject matter jurisdiction may be in the form of either a facial attack or a factual attack. *Stalley v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008). A facial attack on the complaint requires the court to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, looking only to the four corners of the complaint and taking the allegations in the complaint as true for purposes of the motion. *Id.* at 1232–33. A "factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* In this instance, the Court finds Defendant has made, at best, a facial attack on the sufficiency of the complaint. The Court

will therefore consider Plaintiff's factual allegations as true in this analysis. *See Equal Access for All, Inc. v. Hughes Resort, Inc.*, No. 504CV178MCR, 2005 WL 2001740, at *5 (N.D.Fla. Aug. 10, 2005) (in several consolidated ADA cases finding the standing challenges were facial attacks); *but see Norkunas v. Seahorse NB, L.L.C.*, 720 F.Supp.2d 1313, 1317 (M.D.Fla.2010) (conducting an evidentiary hearing on the motion to dismiss and considering the standing challenge under a factual attack review).

▇ Article III, Section 2 of the United States Constitution, limits a federal court's jurisdiction to consider a plaintiff's claim to only actual cases and controversies. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Included within the cases and controversies requirement is the doctrine of standing, which essentially asks, "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The "irreducible constitutional minimum of standing" requires a plaintiff to demonstrate: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and, (3) that it is likely that the injury will be redressed by a favorable court ruling. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130; *Hoewischer v. Joe's Props., L.L.C.*, No. 3:11–cv–769–J–12MCR, 2012 WL 139319, at *3 (M.D.Fla. Jan. 18, 2012) (citing *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130).[8] An injury in fact must be "concrete and particularized" and "actual or imminent,

---

7. "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a).

8. Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R.App. P. *See also* 11th Cir. R. 36–2.

not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted).

In this case, Plaintiff asserts he visited Defendant's property on September 23, 2011 "to avail himself of the goods and services offered to the public at the property...." Amended Complaint at 2. Within the Amended Complaint, Plaintiff details several of the barriers he claims to have encountered on that date while on Defendant's premises; these barriers relate to parking, accessibility to goods and services, and restrooms. Amended Complaint at 3–5. Some of the barriers listed are as follows: " 'Plaintiff's wheelchair was not allowed 36' on the front decking at all times to access the entrance doors," making it so Plaintiff could not "easily" enter; "Plaintiff could not pull his wheelchair up to most fixed tables to enjoy the goods and services provided by Defendant as the table[s] lacked proper maneuvering space and knee clearance"; and "[c]ommon use toilet facilities do not comply with [the ADA], preventing Plaintiff from using them." *Id.* Plaintiff further stated these barriers resulted in discrimination to himself, and that he is both deterred from returning to Defendant's property and denied the "opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals." Amended Complaint 16 at 2.

■ This Court finds Plaintiff asserted sufficient facts to allege an actual injury. Plaintiff alleged specific facts establishing knowledge of Defendant's barriers, which allowed this Court to infer that, if true, Plaintiff could not fully enjoy Defendant's facilities because of his encounters with the barriers listed in the Amended Complaint. *See Campbell v. Grady's Bar,*

*Inc.*, No. 0:10–CV–60648–LSC, 2010 WL 2754328, at *2 (S.D.Fla. July 12, 2010) (stating if the plaintiff had "included facts from which the court could infer he actually encountered ADA discrimination," such as the doorway to the defendant's establishment not being wide enough to accommodate his wheelchair, the plaintiff's remaining allegations would have been sufficient for the court to find an injury in fact). Here, Plaintiff's assertion of being deterred from returning to Defendant's property due to the encountered discriminatory barriers further establishes a "cognizable interest for purposes of standing." *See Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 342 (D.N.J.2003) (finding the plaintiff's desire to patronize the defendant's restaurants "free from discrimination," in addition to previously experiencing discrimination at one of defendant's restaurants, was sufficient to establish a concrete injury). Therefore, this Court finds Plaintiff has sufficiently alleged facts to infer that he suffered a concrete and particularized injury.

■ In addition to demonstrating an injury in fact, a plaintiff seeking prospective injunctive relief in an ADA case must allege facts "giving rise to a plausible inference" that he will suffer disability discrimination by the defendant in the future.[9] *Hughes Resort, Inc.*, 2005 WL 2001740 at *6; *see also Lujan*, 504 U.S. at 564, 112 S.Ct. 2130 (" '[S]ome day' intentions---without any description of concrete plans, or indeed even any specification of *when* the some day will be---do not support a finding of [an] 'actual or imminent' injury ....") (emphasis in original). In the absence of such allegations, the likelihood of future discrimination remains conjectural. *Id.* The following factors are frequently considered by courts when analyzing the likelihood that a plaintiff will suffer a future injury on the defendant's property:

---

9. Additional discussion of the injunctive relief issue is found in section III(B) below.

"(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Fox v. Morris Jupiter Assocs.*, No. 05–80689–CIV, 2007 WL 2819522, at *4 (S.D.Fla.2007) (quoting *Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1162–63 (S.D.Cal.2006)).

In *Shotz v. Cates*, the Eleventh Circuit found the plaintiffs lacked standing for injunctive relief when the plaintiffs did not return, or allege an intention to return, to the defendant's property in the future. 256 F.3d 1077, 1082 (11th Cir.2001); *see also Rosenkrantz v. Markopoulos*, 254 F.Supp.2d 1250, 1253 (M.D.Fla.2003) (holding the plaintiff did not have standing because the "future injury" was too speculative when the plaintiff lived hundreds of miles away from the defendant hotel and traveled only twice a year). However, in the ADA case of *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239, 1243 (11th Cir.2000), the circuit court found the district court erred in denying the plaintiff's motion to amend her complaint to properly plead standing, when the plaintiff's allegation of her intent to take another cruise "in the near future" would not have be a "futile" amendment to her complaint. *Id.* at 1239–43; *see also Ault v. Walt Disney World Co.*, No. 6:07–cv–1785–Orl–31 KRS, 2008 WL 2047930, at *2 (M.D.Fla. May 13, 2008) (finding the plaintiffs' allegations of intending to return to theme parks "at a specific point in time in the near future" was sufficient to establish standing); *Equal Access*, 2005 WL 2001740 at * 6 (quoting 42 U.S.C. § 12188(a)(1) in part for the proposition a plaintiff "must at least prove knowledge of the barriers and that he would visit the building in the imminent future but for those barriers").

In the instant case, Defendant asserts Plaintiff lives 13.4 miles from the Defendant's premises and that "there are likely dozens of restaurants closer to Plaintiff's home." Motion to Dismiss at 6. The mere existence of other restaurants has no bearing on Plaintiff's intent to return to Defendant's restaurant. *See Norkunas v. Seahorse NB, L.L.C.*, 720 F.Supp.2d at 1317 (stating the defendant's suggestion that there were "countless other hotels" in the area had no bearing on the plaintiff's intent to stay at the defendant hotel: "Because Plaintiff *could* visit another hotel does not overcome his stated desire to have access to this hotel."). Moreover, Plaintiff has explicitly stated he "plans to return to the subject property within one (1) month of [sic] the barriers addressed herein are removed and Plaintiff has access to the property as required by the ADA." *See* Amended Complaint, ¶ 5. The undersigned finds Plaintiff has sufficiently alleged facts supporting the existence of a definitive plan to return to Defendant's restaurant by asserting his intention to return "at a specific point in time in the near future"—one month. *Ault*, 2008 WL 2047930 at *2; *see Shotz*, 256 F.3d at 1081 ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief *unless* he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant.") (emphasis added).

Defendant argues Plaintiff's intention to return to Defendant's premises is not "credible" because "Plaintiff has filed in excess of 100 lawsuits against various facilities in the Middle District" and "it would be difficult at best for Plaintiff to find the time to return to all of the places of public accommodation that he has sued...." Motion to Dismiss at 6.[10] However, when re-

---

**10.** In support of this argument, Defendant points to a number of cases in which the

viewing a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir.1993); *see also Hirsch v. Hui Zhen Huang,* No. 10 Civ. 9497(LTS), 2011 WL 6129939, at *3 (S.D.N.Y. Dec. 9, 2011) (holding that because the defendant's arguments regarding the plaintiff's litigation history were "based on evidentiary proffers outside of the pleadings," the arguments did not provide a proper basis at the complaint stage for dismissal). Therefore, evidence of other lawsuits is improper to consider at this stage, but Defendant "may test Plaintiff's allegations through the discovery process and file a motion for summary judgment on the issue, if [it believes] such a motion is appropriate." *Campbell,* 2010 WL 2754328 at *3. Further, even if the alleged lawsuits were considered, "it is plausible that Plaintiff visited a number of businesses in his locale, wished to frequent each business, but encountered disability discrimination." *Id.* Although there may be a dispute about whether the facts alleged in the Amended Complaint are the actual facts, the Court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir.2002).

This Court finds Plaintiff alleged sufficient facts to establish both an injury in fact and imminent threat of future injury to establish standing in this case. Accordingly, Plaintiff has standing to sue and proceed with his case against Defendant.

**B. Injunctive Relief**

 "To issue a permanent injunction under the ADA[,] . . . the Court must apply the same factors as it would in any other cases in which a plaintiff sought a permanent injunction." *Wilson v. Broward County, Fla.,* No. 04–61068–CIV, 2008 WL 708180, at *1 (S.D.Fla. Mar. 14, 2008). To satisfy the test for an injunction, a plaintiff must demonstrate the following four factors: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

courts found the plaintiffs' intentions to return to the defendants' establishments were not credible. *See* Motion to Dismiss at 6. The same individual, Steven Brother, was the plaintiff in three of the four named cases. Like Hoewischer, Mr. Brother had filed numerous ADA cases within the Middle District of Florida. *See Brother v. Rossmore Tampa Limited Partnership,* No. 8:03CV1253T–24MAP, 2004 WL 3609350 (M.D.Fla. Aug. 19, 2004); *Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368 (M.D.Fla.2004); *Brother v. CPL Investments, Inc.,* 317 F.Supp.2d 1358 (M.D.Fla.2004). However, those cases were decided at either the summary judgment or post-trial stages. Moreover, in each of those cases, the plaintiff was suing a hotel·establishment for accommodation barriers at hotels in which the possibility of intended future stays

seemed to the court to be conjectural based on the facts of each case. For example, in the *CPL Investments* case, it was determined Mr. Brother "only performed a visual inspection of the hotel" and "he did not perform any other, hands-on inspection," nor did he speak to the manager. 317 F.Supp.2d at 1369. In the *Rossmore Tampa Limited Partnership* case, Mr. Brother's stated intent to return to stay at a Tampa, FL hotel in the future was not credible in part because the defendant hotel in Tampa was "not a logical or convenient hotel for an individual attending a walk-a-thon located in Bradenton." 2004 WL 3609350 at *4. Mr. Brother had never stayed at the defendant hotel, but stated that he would stay at the defendant's property after the annual Bradenton walk-a-thon. *Id.*

Defendant argues Plaintiff's allegations are "insufficient to support the remedy of a permanent injunction." Motion to Dismiss at 8–10. As noted above, the Court finds Plaintiff has made a sufficient allegation of an actual injury in fact to proceed in this action. Moreover, Plaintiff has alleged a specific intent to return to the site of the alleged injury, which if proven will continue unless remedial measures are taken. In regard to the second factor, because Title III of the ADA provides only injunctive and declaratory relief, and not monetary damages, are available to private litigants who file suit, this factor weighs against dismissal at this stage of the proceedings. *See* 42 U.S.C. § 12188(a)(1); *Jairath v.Dyer*, 154 F.3d 1280, 1283 n. 7 (11th Cir.1998); *Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp.*, 158 F.Supp.2d 1353, 1359 (S.D.Fla.2001).

Regarding the third and fourth factors, the undersigned finds Plaintiff's allegations are sufficient to claim an entitlement of relief, and that Defendant has been put on "notice as to the claim being asserted . . . and the grounds on which it rests." *Evans*, 131 F.3d at 964 n. 2. Specifically, this Court finds support for the third and fourth factors can be inferred from Plaintiff's allegations in the Amended Complaint.

As to the third factor, Plaintiff's assertions in paragraph fourteen and in the prayer for relief section of the Amended Complaint provide a sufficient basis to find Plaintiff has adequately stated a claim relating to the "readily achievable" prong when considering the ability to remove architectural barriers from a defendant's property. *See* Amended Complaint at 6–7; *also see Snow*, 450 F.3d at 1320 ("[A] complaint must . . . contain either direct or *inferential* allegations respecting all material elements of a cause of action.") (emphasis added).[11] In this case, considering the balance of hardships between the plaintiff and defendant, a remedy in equity would be warranted if Plaintiff can prove his case. *See eBay Inc.*, 547 U.S. at 391, 126 S.Ct. 1837. Moreover, an equitable remedy is the sole remedy available under Title III of the ADA. *See* 42 U.S.C. § 12188(a)(1).

In the Amended Complaint Plaintiff asserts he has "a realistic, credible, existing, and continuing threat of discrimination" from the Defendant's alleged noncompliance with the ADA. Amended Complaint at 2, 3, 5. Plaintiff further asserts this discrimination results in denial of his "access to, and full enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" of Defendant's property. *Id.* Plaintiff also asserts that in addition to his desire to avail himself of the goods and services of Defendant's property, Plaintiff seeks to assure that "others similarly situated will have full and equal enjoyment of the property without fear of discrimination." *Id.* at 3. Given that the nature of Title III is to provide equitable redress to disabled individuals who experience discrimination in places of public accommodation, it follows that the public interest would not be disserved by the implementation of a permanent injunction to remove barriers to access, if a plaintiff can establish such barriers exist and such barriers violate the ADA. *See* 42 U.S.C. §§ 12182(a), 12188(a)(2). Here, Plaintiff has pled sufficient facts to infer there would be no disservice to the public if he were to prevail in this action and a permanent injunction were entered to correct the noted barriers to access at Defen-

---

11. See additional discussion of the "readily achievable" test in the next sub-section of this

Report and Recommendation.

dant's restaurant. Thus, consideration of the fourth *eBay* factor weighs against dismissal of the suit for failure to state a claim upon which relief can be granted.

In this case, Plaintiff has stated a cause of action for injunctive relief.

## C. "Readily Achievable"

■ Plaintiff must allege sufficient facts demonstrating that the removal of the barriers he encountered at Defendant's restaurant is "readily achievable." *Access Now,* 161 F.Supp.2d at 1362. Removal of barriers is readily achievable if it is "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a). Title III of the ADA, seeking to balance the rights of disabled persons to access public accommodations free of discrimination with the costs defendants incur in altering facilities, requires only that a private entity "take remedial measures that are (a) effective, (b) practical, and (c) fiscally manageable." *Access Now,* 161 F.Supp.2d at 1369 (quoting in part *Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp.,* 158 F.Supp.2d 1353, 1363 (S.D.Fla.2001)). Specifically, 42 U.S.C. § 12181 sets forth the following factors to consider when evaluating whether the removal of a barrier is readily achievable:

(A) the nature and cost of the action needed under this chapter;

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

Plaintiff specifically addresses the existing discriminatory barriers on Defendant's property. *See* Amended Complaint at 3–5. These barriers include in part: (1) lack of accessible parking spaces; (2) improper maneuvering clearance for Plaintiff's wheelchair at the entrance doors; (3) tables lacking proper maneuvering space and knee clearance; and, (4) a lack of proper signage indicating locations of handicap accessible parking spaces and restrooms. *Id.* Such hindrances have been ascertained by the Department of Justice, the agency that oversees the ADA, as "readily achievable" modifications. *See* Dept. of Justice, ADA Title III Technical Assistance Manual (1993), *available at http://www.ada.gov/taman3.html.* (stating the Department of Justice has a list of twenty-one examples of readily achievable modifications, including rearranging tables and chairs, widening doors, and creating designated accessible parking spaces); *see also Gathright–Dietrich v. Atlanta Landmarks, Inc.,* 435 F.Supp.2d 1217, 1234 (N.D.Ga.2005) *aff'd* 452 F.3d 1269 (11th Cir.2006) (stating the "common character" of the examples in the Technical Assistance Manual is that the "public accommodation is required to enhance minimally its existing facility"). Given the similarity between the Department of Justice's list of readily achievable modifications and the Plaintiff's asserted barriers, the undersigned finds Plaintiff has pled sufficient facts to find removal of Defendant's barriers would be readily achievable, if those barriers were found to discriminate against disabled individuals.

## IV. CONCLUSION

The undersigned finds Plaintiff has adequately alleged facts in the Amended Complaint to support his standing, to support the request for the remedy of a permanent injunction, and to demonstrate the "readily achievable" nature of the barriers on Defendant's premises. Plaintiff's factual allegations "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 17) be **DENIED.**