PER CURIAM:
Plaintiffs-Appellants Access for America, Inc., a Florida not for profit corporation (Access) and Doug Wilder, individually (Wilder), filed a complaint pursuant to Title III of the Americans With Disabilities Act of 1990(ADA), against DefendantAppellee Associated Out-Door Clubs, Inc., a Florida corporation d/b/a Tampa Greyhound Track (Track), alleging that the Track discriminated against Wilder and Access by failing to remove certain architectural barriers that impeded Wilder’s wheelchair access to the Track facility. The district court granted Track’s motion to dismiss for lack of subject matter jurisdiction based upon the lack of standing by Access and Wilder to pursue injunctive and declaratory relief under Rule 12(b)(1), Fed.R.Civ.P. This appeal followed.
We have carefully reviewed the record and considered the briefs and the oral arguments of the parties. Based thereupon, we find no error in the district court’s conclusion that, as Wilder lacked the requisite concrete and specific intent to return to the Track because he could not demonstrate that there was any reasonable chance of his revisiting the Track, other than “someday,” he was not entitled to injunctive relief. We also find no error in the district court’s ruling that, because Wilder also failed to prove a threat of future injury, he lacked standing to seek declaratory relief as well.
As Access’ standing was dependent upon Wilder’s standing, Access lacked standing to pursue injunctive and declaratory relief in the district court as well.
The judgment of the district court is affirmed.
AFFIRMED.