**ASSOCIATION FOR DISABLED AMERICANS, INC., et al.,**
**Plaintiffs,**

v.

**REINFELD ANDERSON FAMILY LTD. PRT, d/b/a Skylake Professional Building, et al., Defendants.**

Case No.: 1:12–CV–23798.

United States District Court,
S.D. Florida.

Sept. 30, 2013.

Camilo Fernando Ortega, Ortega Law Group, P.A., Robben Maxwell Heethuis, Miami, FL, for PLaintiffs.

Daniel Brian Reinfeld, William Glenn Dill, Jr., Dill & Reinfeld, PLLC, Hollywood, FL, for Defendants.

*ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT*

MARCIA G. COOKE, District Judge.

THIS MATTER is before me upon Defendants Reinfeld Anderson Family Ltd Prt ("Reinfeld Family"), Howard B. Reinfeld, M.D. ("Dr. Reinfeld"), and Howard B. Reinfeld and Associates, M.D., P.A. ("Reinfeld P.A.") respective Motions to Dismiss with Prejudice. ECF Nos. 24, 25, 31. Plaintiffs, the Association for Disabled Americans, Inc. ("Association") and Daniel Ruiz ("Ruiz"), filed a Response to each Motion. ECF Nos. 32, 33, 37. Defendants submitted their Replies in Support of their Motion to Dismiss. ECF Nos. 35, 36, 38. The Court has reviewed the Motions to Dismiss, the Responses, the Replies, the Parties' arguments, the record, and the relevant legal authorities. For the reasons stated herein, Defendants' Motions to Dismiss are granted.

## I. FACTUAL BACKGROUND

Plaintiffs, the Association, a non-profit corporation organized and existing under the laws of the State of Florida, and Ruiz, a member of the Association, bring this civil action against Defendants, Reinfeld Family, Dr. Reinfeld, and Reinfeld P.A. First Am. Compl. 4–8, ECF No. 20.[1]

Ruiz is disabled under the ADA, paralyzed from the waist down, and must ambulate with the use of a wheelchair. *Id.* 5. The Reinfeld Family is the owner, operator, lessee, or lessor of real property and improvements comprising the subject premises, a professional building housing a medical clinic at 18260 NE 19th Ave., North Miami Beach, Florida 33162–1632 (the "Premises"). *Id.* 6. Reinfeld PA is the owner, lessor, lessee, or operator of Suite 201, which constitutes the medical clinic located within the Premises. *Id.* 7. Lastly, Dr. Reinfeld is Ruiz's treating physician. *Id.* 8.

On June 15, 2012, Ruiz visited the Premises pursuant to an appointment set at Jackson Memorial–North Hospital to meet

---

**1.** These facts are taken from the Plaintiffs' Amended Complaint. *See Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir.1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

with Dr. Reinfeld for follow-up care. *Id.* 5; 7, 8. Upon his arrival, Ruiz was not able to find adequate parking or safely exit his vehicle because the access aisle was blocked and improperly marked. *Id.* 5. Ruiz was unable to enter into the building unassisted. *Id.* Ruiz was also unable to use the restroom, had difficulty reaching the call buttons in the elevator, and was unable to transfer to an examination table due to the lack of a proper examination table. *Id.*

On October 18, 2012, Ruiz filed the current action. Shortly thereafter, on November 21, 2012, Dr. Reinfeld terminated his physician-patient relationship with Ruiz due to a "Conflict of Interest", which was notified to Ruiz via Certified Letter ("Letter"). *Id.* 8, 59. Dr. Reinfeld advised Ruiz that he would no longer see him, and that he must find another physician to care for his needs. *Id.* 8. Dr. Reinfeld provided Ruiz with a list of multiple additional attending physicians that could treat him and a list of the nearby hospitals where Dr. Reinfeld renders emergency care. *Id.* ¶¶ 59; 60.

Plaintiffs bring three counts against all Defendants: a claim for permanent injunctive relief pursuant to the American with Disabilities Act ("ADA"), Title III 42 U.S.C. § 12181 (Count I); a claim for permanent injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act ("FADAIA") (Count II); and a claim for retaliation, interference, and coercion pursuant to the ADA, 42 U.S.C. § 12203 (Count IV). Plaintiffs seek injunctive relief against Reinfeld P.A. for the violation of the Rehabilitation Act pursuant to 29 U.S.C. § 794 (Count III).[2]

## II. LEGAL STANDARD

A complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

## III. ANALYSIS

### A. Plaintiffs Standing Under Title III of the ADA, the FADAIA, and the Rehabilitation Act (Counts I, II, and III)

Defendants argue that Plaintiffs have not established the standing necessary to bring each claim in the current suit because (1) Ruiz has not established the requisite intent to return to the Premises, and (2) the Association has not established that at least one member for each claim has standing to bring the claim. Reinfeld Family's Mot. to Dismiss 9–11; Dr. Rein-

---

**2.** In paragraph 40 of the Amended Complaint, Plaintiffs refer to "Dr. Howard Reinfeld." However, this appears to be merely a typo- graphical error, as Count III is solely directed to Reinfeld P.A.

feld's Mot. to Dismiss 10–12; Reinfeld P.A.'s Mot. to Dismiss 10–12; *see also* Reinfeld Family's Reply Mot. to Dismiss 7; Dr. Reinfeld's Reply Mot. to Dismiss 7; Reinfeld P.A.'s Reply to Mot. to Dismiss 6–7. Plaintiffs claim that they have properly pled their risk of future injury and intent to return and, therefore, have standing. Resp. to Reinfeld Family's Mot. to Dismiss 6–17; Resp. to Dr. Reinfeld's Mot. to Dismiss 6–16; Resp. to Reinfeld P.A.'s Mot. to Dismiss 7–16

■ A federal court has an obligation to assure that a litigant seeking an injunction has standing to do so. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). To establish standing, a plaintiff must allege (1) injury in fact, (2) causal connection between injury and defendant's alleged conduct, and (3) that injury will likely be redressed by favorable ruling. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Additionally, when a plaintiff seeks prospective injunctive relief, he must show a 'real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.' *Taylor v. Wing It Two, Inc.,* 13–61034–CIV, 2013 WL 3778315, at *2 (S.D.Fla. July 19, 2013).

### 1. Ruiz's Standing

Defendants argue that Plaintiffs have failed to allege a real and immediate threat of future injury because Dr. Reinfeld terminated his physician-patient relationship with Ruiz. Reinfeld Family's Mot. to Dismiss 9–10; Dr. Reinfeld's Mot. to Dismiss 10; Reinfeld P.A.'s Mot. to Dismiss 10–11. Plaintiffs claim the Amended Complaint establishes a concrete intent to return because Ruiz will allegedly continue to use the services of Dr. Reinfeld as his primary physician. Am. Comp. § 5; Resp. to Reinfeld Family's Mot. to Dismiss 6–11; Resp.

to Dr. Reinfeld's Mot. to Dismiss 7–11; Resp. to Reinfeld P.A.'s Mot. to Dismiss 7–11.

■ "Absent an allegation that [a plaintiff] intends to return to the public accommodation, an ADA plaintiff fails to demonstrate this 'irreducible minimum' and thus lacks standing to sue for injunctive relief." *Access Now, Inc. v. S. Fla. Stadium Corp.,* 161 F.Supp.2d 1357, 1364 (S.D.Fla.2001); *see also Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir.2001). In the context of future violations of the ADA, a plaintiff must establish four factors when deciding the likelihood that a plaintiff will return to the defendant's facility and suffer a repeat injury: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant." *Norkunas v. Seahorse NB, LLC,* 720 F.Supp.2d 1313, 1316 (M.D.Fla. 2010) (collecting cases); *see also Fox v. Morris Jupiter Assocs.,* 2007 WL 2819522, at *4 (S.D.Fla. Sept. 25, 2007).

■ The parties only dispute the definitiveness of Ruiz's plan to return to the Premises. Ruiz has pled that he intended to continue to utilize the services of Dr. Reinfeld as his primary physician because Dr. Reinfeld was familiar with his health issues and his office accepts Medicaid and Medicare. Am. Compl. 5. Dr. Reinfeld, however, terminated his physician-doctor relationship with Ruiz due to the "conflict of interest" that arose from the present litigation between Dr. Reinfeld and Ruiz. Dr. Reinfeld's Letter, Am. Compl. Ex. A.

A physician-patient relationship is special type of relationship with an "imperative need for confidence and trust." *Trammel v. United States,* 445 U.S. 40, 51, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). As

such, it must be free from governmental interference and Dr. Reinfeld is under no obligation to continue a physician-patient relationship with a patient who filed a lawsuit against him. As a result, Ruiz's intent to return to the Premises is now merely hypothetical. *Wooden v. Bd. of Regents of Univ. Sys. of Geo.*, 247 F.3d 1262, 1284 (11th Cir.2001) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). There is no "reasonable chance" that Ruiz will return to the Premises since he is no longer Dr. Reinfeld's patient. *Access for Am., Inc. v. Associated Out–Door Clubs, Inc.*, 188 Fed. Appx. 818 (11th Cir.2006) (affirming on appeal the dismissal of a case for lack of an intent to return, where the plaintiff could not demonstrate any reasonable chance of revisiting the premises). Ruiz has not alleged in his Amended Complaint any other reason to return to the Premises, except to continue to use the services of Dr. Reinfeld. Accordingly, Ruiz lacks the specific intent to return to the Premises required to have standing to seek injunctive relief under the ADA.

With respect to Count II, since the FADAIA adopts the ADA standards for accessible design and incorporates them into the "Florida Accessibility Code for Building Construction," federal law interpreting the requirements for causes of action under the ADA are applicable to a claim under the FADAIA. *Hoewischer v. Cedar Bend Club, Inc.*, 877 F.Supp.2d 1212, 1219 (M.D.Fla.2012). Accordingly, Ruiz also lack standing to sue under the FADAIA, for the reasons articulated above.

 Finally, Ruiz's claim under the Rehabilitation fails for the same reasons. 29 U.S.C. § 794. Pursuant to Section 504 Rehabilitation Act of 2002, a qualified individual with a disability in the United States, as defined by section 705(20) of the Act, shall not, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). Ruiz, however, seeks an injunctive relief but has not met his burden of demonstrating any reasonable reason to return to the Premises. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citing *Lyons*, 461 U.S. at 102, 103 S.Ct. 1660). Accordingly, Ruiz's claim pursuant to the Rehabilitation Act shall be dismissed.

### 2. The Association's Standing

Defendants argue that the Association does not have organizational standing because the Amended Complaint does not establish that at least one member for each claim has standing to bring the claim. Reinfeld Family's Reply Mot. to Dismiss 7; Dr. Reinfeld's Reply Mot. to Dismiss 7; Reinfeld P.A.'s Reply to Mot. to Dismiss 6–7. Plaintiffs argue that the Association has standing to address all the barriers to access related to separate disabilities and other claims as set forth in the Amended Complaint. Resp. to Reinfeld Family's Mot. to Dismiss 11–12; Resp. to Dr. Reinfeld's Mot. to Dismiss 12; Resp. to Reinfeld P.A.'s Mot. to Dismiss 11–12.

 An association may have standing to assert claims on behalf of its members, even where it has suffered no injury from the defendant's activity. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 342, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). "The association must allege that its members ... are suffering immediate or threatened injury as a

result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Id.* (citing *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Under *Hunt,* "an association has standing *to bring suit on behalf of its members* when: (a) its members would otherwise have standing in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *See id; see also In re Managed Care Litigation,* 595 F.Supp.2d 1349, 1358 (S.D.Fla.2009).

The Amended Complaint contains allegations that members of the Association, including Ruiz, have been denied access to the "benefits, services, programs, and activities" of the Premises because of the Defendants' alleged ADA violations. Am. Compl. 4, 13, 15, 18. However, I found that Ruiz does not have standing to bring claims under the ADA, FADAIA, and the Rehabilitation Act. The Association has not alleged any facts supporting the allegation that other members would have standing on their own right. Therefore, Plaintiffs have not sufficiently pled the prerequisites of associational standing in their Amended Complaint.

Accordingly, Count I, II, and III shall be dismissed with prejudice.

### B. Retaliation Act (Count IV)

With regards to Count IV, Defendants argue that the allegations contained in the Amended Complaint do not constitute a *prima facie* showing of an adverse action against Ruiz because Plaintiffs fail to allege facts causally relating the termination of the physician-patient relationship to the ADA claims. Reinfeld Family's Mot. to Dismiss 13–15; Dr. Reinfeld's Mot. to Dismiss 15–17; Reinfeld P.A.'s Mot. to Dis-

miss 15–17. Plaintiffs argues that the Amended Complaint conclusively sets forth the temporal proximity of the offending conduct after the filing of the instant action. Resp. to Reinfeld Family Mot. to Dismiss 16–17; Resp. to Dr. Reinfeld Mot. to Dismiss 17–18; Resp. to Reinfeld P.A.'s Mot. to Dismiss 17–19.

In order to assert a claim under the ADA's prohibition against retaliation and coercion provision, a plaintiff must demonstrate that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse ... action, and (3) the adverse action was causally related to the protected expression." *Shotz v. City of Plantation,* 344 F.3d 1161, 1180 (11th Cir. 2003); *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1311 (11th Cir.2002). "[N]ot 'every unkind act' is sufficiently adverse." *Shotz,* 344 F.3d at 1181 (citing *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1238 (11th Cir.2001)). District courts must analyze the sufficiency of the allegations of adverse action on a "case-by-case basis, using a both subjective and objective standard." *Shotz,* 344 F.3d at 1181 (citing *Gupta v. Fla. Bd. Of Regents,* 212 F.3d 571, 587 (11th Cir.2000)); *see also Higdon v. Jackson,* 393 F.3d 1211, 1219 (11th Cir. 2004). "To prove a causal connection, we require a plaintiff only to demonstrate 'that the protected activity and the adverse action were not wholly unrelated.'" *Shotz,* 344 F.3d at 1180 n. 30. A plaintiff must show that the protected activity and adverse act were somewhat close in temporal proximity. *Higdon,* 393 F.3d at 1220.

Here, Defendants dispute the third element of the three-pronged test; whether the adverse action was causally related to the protected expression. Plaintiffs allege that Dr. Reinfeld's letter discharging Ruiz from his private practice due to a conflict of interest was sent with

the intent to coerce, intimidate, threaten and interfere with his right to care from Defendant Reinfeld PA and Dr. Reinfeld. Am. Compl. 59–64.

As noted above, the physician-patient relationship is based on trust and confidence, and the existence of a lawsuit may create conflict of interests warranting the termination of this relationship. While the termination of the physician-patient relationship creates a burden on the patient who will have to find another physician, it does not mean that the termination was motivated by a retaliatory intent. Finding otherwise would prevent physicians from terminating a relationship with a patient, when they can no longer share the trust and confidence that is so fundamental to this type of relationship. Accordingly, I find that Plaintiffs have failed to allege that the termination of the physician-patient relationship was retaliatory. Count V is, therefore, dismissed with prejudice.

For the reasons stated above, Plaintiff Amended Complaint shall be dismissed with prejudice. I am, however, deeply troubled by the outcome reached in this case. Dr. Reinfeld. terminating the physician-patient relationship with a person seeking injunctive relief under anti-discrimination statutes, essentially shields himself from any liability under those statutes and frustrates both the United States Congress and Florida legislature's intent.

## IV. CONCLUSION

For the reasons provided in this Order, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motions to Dismiss Amended Complaint, ECF Nos. 24, 25, 31 are **GRANTED.**

2. The Amended Complaint is **DISMISSED** *with prejudice.*

3. All pending Motions are **DENIED** as moot.

4. The Clerk shall **CLOSE** this case.